UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CH ROBINSON WORLDWIDE, INC.,   NO. 18-CV-2613 (JRT/DTS)

    Plaintiff,

v.   **REPORT AND RECOMMENDATION**

RONA SALES, LLC,
*d/b/a Rosewood North America*

    Defendant.

---

Timothy W. Fafinski, Corporate Counsel, 3411 Brei Kessel Rd., Independence, Minnesota 55359, for Plaintiff.

Craig Edgar Shriver, Law Office of Craig E. Shriver, 3564 Rolling View Drive, Suite K, White Bear Lake, Minnesota 55110, for Defendant.

---

## INTRODUCTION

Defendant RoNA Sales, LLC, removed this action from Hennepin County district court, invoking federal question jurisdiction. Plaintiff CH Robinson Worldwide, Inc., now moves to remand. Because CH Robinson's Complaint does not state a federal claim on its face, the Court recommends the action be remanded.

## FINDINGS OF FACT

Although the parties disagree about many of the facts in this case, those relevant to the Court's decision are straightforward. RoNA and CH Robinson had an ongoing business relationship in which CH Robinson provided transportation-related services[1] for RoNA's products. Notice of Removal Ex. B (Compl.), at ¶ 2, Docket No. 1. As part of this

---

[1] The exact nature of those services is a disputed issue the Court need not reach.

relationship, Dan Cook, RoNA's president, signed a credit application containing a forum selection clause that limited lawsuits to state district court. Fafinksi Decl. Ex. D (Business Credit Application), Docket No. 7. A dispute arose between the parties after Walmart, RoNA's customer, claimed products were not being delivered. Cook Decl. Ex. D, Docket No. 13; Wilharm Decl. ¶ 6, Docket No. 8. As part of the dispute RoNA withheld payment on CH Robinson's invoices. Cook Decl. ¶ 10; Notice of Removal Ex. B, at ¶ 6.

CH Robinson served RoNA with a three-count complaint alleging (1) breach of contract, (2) account stated, and (3) unjust enrichment, all stemming from RoNA's unpaid invoices. *Id.* at ¶¶ 8-18. RoNA subsequently removed the action, citing federal question jurisdiction as the basis for removal because one or more of CH Robinson's claims allegedly arise under 49 U.S.C. §§ 13101-14916.[2]

## CONCLUSIONS OF LAW

In both their briefs and at the motion hearing, the parties focused their arguments on the applicability of the forum selection clause. But there is a more fundamental issue: under the well-pleaded complaint rule, there is no federal question in CH Robinson's Complaint to bestow subject matter jurisdiction on this Court.[3]

**I.    Legal Standard**

Generally, Defendants to a civil action brought against them in state court may remove the case to federal court if it could have originally been brought there. 28 U.S.C.

---

[2]    These provisions are commonly referred to as the Carmack Amendment. *See Midamerican Energy Co. v. Start Enter., Inc.*, 437 F. Supp. 2d 969, 971-72 (S.D. Iowa 2006).

[3]    Although not directly raised by CH Robinson, this Court has an obligation to determine whether it has subject matter jurisdiction over a case, and may raise the matter *sua sponte*. *E.g., Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

§ 1441(a). The party seeking removal bears the burden of establishing subject matter jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Federal courts must remember that they are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Accordingly, courts should "resolve al doubts about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

## II.  Lack of Federal Question Jurisdiction

In its Notice of Removal, RoNA invokes federal question jurisdiction as the basis for this Court's subject matter jurisdiction. Removal based upon federal question jurisdiction is generally governed by the well pleaded complaint rule, which examines the facial allegations of a complaint to determine whether they "affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The plaintiff is master of the complaint and may "generally avoid removal to federal court by alleging only state law claims." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012). A federal defense to a claim, including the defense of preemption, is not enough to create federal question jurisdiction. *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

CH Robinson's Complaint does not, on its face, raise a federal claim. Count One states a classic breach of contract claim: the parties had a valid agreement, RoNA breached, and CH Robinson suffered damages. The other two counts similarly raise traditional state law claims for an account stated and unjust enrichment. Nothing in the Complaint's allegations references CH Robinson's rights under federal law or otherwise hints at the federal nature of any of the claims. In short, there is no affirmative allegation

of a federal claim as generally required by the well pleaded complaint rule. RoNA cannot remove the action based solely on the affirmative defense that one or more these state law claims are preempted in the current instance by the Carmack Amendment. *MFA Petroleum Co.*, 701 F.3d at 247.

Although not clear, RoNA appears to suggest that one of two narrow exceptions to the well pleaded complaint rule applies to this case, and thus at least one of CH Robinson's claims raises a federal question. Despite having the burden to establish jurisdiction, it does not explain how. RoNA cites Fifth Circuit cases that discuss the well-recognized rule that a federal court may exercise jurisdiction over a state law claim if success on the claim turns on the answer to a "substantial federal question." But this substantial federal question doctrine requires the state law claim to "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). It is unclear, and RoNA does not attempt to explain, how a federal question is necessarily raised by any of CH Robinson's claims.

RoNA also implies that CH Robinson has artfully pleaded around a federal claim, and the Fifth Circuit cases it cites as support discuss the complete preemption doctrine. But complete preemption requires a federal statute to "have 'extraordinary pre-emptive power,' a conclusion courts are reluctant to reach." *MFA Petroleum*, 701 F.3d at 247. RoNA does not even attempt to show that the Carmack Amendment exhibits such extraordinary preemptive force and that such preemptive force would apply to the present

4

state law claims. Because that burden clearly lies with RoNA, the Court will not attempt to lift it.

This Court is not satisfied that it has subject matter jurisdiction over this case. No federal question appears on the face of the Complaint and RoNA has failed to demonstrate that either the necessary federal question doctrine or the complete preemption doctrine applies. Accordingly, the case must be remanded to state court.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Plaintiff CH Robinson Worldwide, Inc.'s Motion to Remand to State Court [Docket No. 4] be GRANTED; and

2. This action be remanded to Hennepin County District Court.

Dated: January 4, 2019

                                        s/David T. Schultz
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).